# CIRCUIT COURT OF THE CITY OF RICHMOND

Christopher Monroe,
an infant

     v.

First & Federal, Ltd., et al.

Case No. LP-2522-4

David Monroe, Jr.,
an infant

     v.

First & Federal, Ltd., et al.

Case No. LR-1373-4

January 30, 2006

BY JUDGE RANDALL G. JOHNSON

These actions involve the infant plaintiffs' claim that they suffered injuries from lead-based paint in leased premises. The remaining defendants (some defendants were nonsuited and/or dismissed) are First & Federal, Ltd., which owned the premises at the time plaintiffs lived there, James S. Young, who sold the premises to First & Federal approximately three years before plaintiffs moved in, and Commercial Investments Associates, Inc., Young's agent. The cases are presently before the court on the demurrers of Young and Commercial Investments.

The amended motions for judgment are identical and are in seven counts. Counts I, III, IV, and V relate only to defendants referred to in the amended motions for judgment as the "Landlord Defendants," First & Federal being the only such defendant remaining. Those counts need not be addressed. Counts II and VI involve only Young and Commercial Investments, referred to in the amended motions for judgment as the "Former Owner/Agent Defendants." Count II alleges that Young and Commercial Investments failed to notify First & Federal that a Richmond city inspector had found a lead hazard at the premises while the premises were owned by Young and managed by Commercial Investments, plaintiffs alleging that such notice is required by law. Count VI alleges fraudulent concealment by Young and Commercial Investments of the existence of a lead hazard. Count VII seeks punitive damages against all defendants. Young and Commercial Investments demur to the three counts against them.[1]

Virginia Code § 36-107.1 provides, in pertinent part, as follows:

> Whenever any property owner has been notified by local building officials or representatives of local health departments that any residential premise has levels of lead-based paint in violation of this chapter, such property owner shall notify prospective purchasers in writing of the presence of unacceptable levels of lead-based paint in such premises and the requirements concerning the removal of the same. . . .
>
> Any person who fails to comply with the provisions of this section shall be liable for all damages caused by his failure to comply and shall, in addition, be liable for a civil penalty not to exceed $1,000.

Although Young and Commercial Investments argue that the above statute does not create a private right of action, the court finds that it does. Indeed, the statute specifically states that any person who fails to comply with the statute "shall be liable for all damages caused by" such failure. This is in addition to a civil "penalty." The court cannot imagine how the legislature could have been clearer in creating a private right to sue.

---

[1] Actually, Young's written demurrers are directed at each of the seven counts of the amended motions for judgment. The court will not comment on Young's arguments involving counts directed only at First & Federal.

Young's argument that the statute of limitations bars this action is also rejected. Plaintiffs are children. The statute of limitations does not begin to run until they become adults. *See* Va. Code § 8.01-229(A)(1). Young's demurrer to Count II will be overruled.

The situation is different with regard to Commercial Investments. By its language, the statute applies to property owners, not agents and managers. Section 36-97, which is the definition section of the chapter containing the statute, defines owner as "the owner or owners of the freehold of the premises or lesser estate therein, a mortgagee or vendee in possession, assignee of rents, receiver, executor, trustee, or lessee in control of a building or structure." The amended motions for judgment contain no such description of Commercial Investments. Its demurrer to Count II will be sustained without leave to amend, plaintiff having already amended one motion for judgment once and the other motion for judgment twice.

Turning now to Count VI, both demurrers will be sustained without leave to amend. There is no allegation in the amended motions for judgment that plaintiffs or their parents ever had any dealings or other contact with Young or Commercial Investments. Young and Commercial Investments never concealed anything from them. If concealment occurred, it occurred when the premises were sold to First & Federal. Plaintiffs have no cause of action against Young and Commercial Investments for fraudulent concealment.

Lastly, defendants demur to plaintiffs' request for punitive damages. Since the court has sustained Commercial Investments' demurrer to the substantive counts against it, its demurrer to Count VII will also be sustained. Commercial Investments owed no legal duty to plaintiffs. It cannot be liable for punitive damages for breach of a duty.

On the other hand, Young's demurrer to the punitive damages count will be overruled. The amended motions for judgment allege that in spite of his actual knowledge of a lead hazard at the premises and his actual knowledge of the dangers posed by that hazard, Young not only failed to disclose such hazard as required by statute, but affirmatively represented to First & Federal that no such hazard existed. The court is unwilling to say at this stage of the proceedings that, if plaintiffs' allegations are proved, Young is not liable for punitive damages.